POSTAL TELEGRAPH CABLE CO. v. HERRINGTON et ux.

(Circuit Court of Appeals, Fifth Circuit. March 8, 1915. Rehearing Denied April 5, 1915.)

No. 2724.

1. TELEGRAPHS AND TELEPHONES ⚖⇒20—INJURIES FROM OBSTRUCTIONS IN STREETS—ACTIONS—EVIDENCE.

Under Gen. St. Fla. 1906, § 2820, authorizing telegraph companies to erect posts, wires, and other fixtures on or beside any public road or highway, so, however, that they shall not obstruct or interfere with the common uses of such roads or highways, and providing that permission to occupy the streets of an incorporated city or town must first be obtained from the city or town council, in an action against a telegraph company for injuries caused by a guy wire placed or anchored in a street, so as to obstruct travel and render the street dangerous, a question asked a former employé of the telegraph company as to whether, during a period of about 15 years terminating several years prior to the accident, any objection was raised by the city or any other authority to the guy wire being placed or maintained as it was, was properly excluded, in the absence of any evidence that during such period the street was used in the same way or to the same extent that it was commonly used at the time of the accident, or that the location of the guy wire remained unchanged, the evidence, on the contrary, tending to prove that the character and extent of the public use of the street had changed, since, conceding that a municipality's permission or acquiescence would have some tend-

⚖⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ency to show that there was no improper obstruction or interference with the common use of the street, it could not be inferred that such permission or acquiescence continued after the wire, by reason of changed conditions, had become more of a peril to travelers, and, moreover, the statute only allows city authorities to permit such an occupation of the highway as shall not obstruct or interfere with the common uses of the highway.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 13; Dec. Dig. ☞20.]

2. TRIAL ☞252—INSTRUCTIONS—CONFORMITY TO EVIDENCE.

In an action against a telegraph company for injuries caused by a guy wire placed or anchored in a street, an instruction was properly refused, where it assumed the existence of evidence as to consent, permission, or authority from the city for the location and maintenance of the guy wire; whereas, the only evidence in this respect was a city ordinance authorizing the company to construct its lines through the streets of the municipality under such restrictions as the public good might require.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. ☞252.]

In Error to the District Court of the United States for the Northern District of Florida; Wm. B. Sheppard, Judge.

Action by J. M. Herrington and wife against the Postal Telegraph Cable Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

E. C. Maxwell, of Pensacola, Fla., for plaintiff in error.

John P. Stokes and R. P. Reese, both of Pensacola, Fla., for defendants in error.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

PER CURIAM. [1] The action was one to recover damages for a personal injury, which was attributed to the alleged negligence of the defendant (the plaintiff in error here) in so having a guy wire placed or anchored in a street as to obstruct travel and render it dangerous. On the cross-examination of one Register, a witness for the plaintiff, whose testimony showed that, while formerly acting as an employé of the defendant, he had had occasion to observe the guy wire during a period of about 15 years, which terminated several years prior to the happening of the injury complained of, he was asked the following question:

"During that time was any objection raised by the city, or any other authority, to this guy wire being placed or maintained as it was?"

The court sustained the plaintiffs' objection to the question after having been informed that a purpose of it was to show the city's acquiescence in the presence of the guy wire in the street as it was placed and maintained. There was no evidence tending to prove that, during the earlier period about which the witness testified, the street in the locality of the incident complained of was used in the same way or to anything like the same extent that it was commonly used at the time of that occurrence, or that the location of the guy wire with reference to

the part of the street commonly used for travel had remained unchanged. On the contrary, there was evidence tending to prove that the character and extent of the public use of the street had changed in the meantime.

A Florida statute (General Statutes of Florida 1906, § 2820) provides as follows:

"Any telegraph or telephone company chartered by this or another state, or any individual or individuals operating or desiring to operate a telegraph or telephone line, or lines, in this state, may erect posts, wires and other fixtures for telegraph and telephone purposes on or beside any public road or highway, so however that the same shall not be set so as to obstruct or interfere with the common uses of said roads or highways. Permission to occupy the streets of an incorporated city or town must first be obtained from the city or town council."

We understand that an effect of this provision is to make any permission so to occupy a highway, though it is a street of a city, subject to the condition that the occupation shall not be such a one as obstructs or interferes with the common uses of the highway. It seems that the statute leaves a municipality without authority by ordinance or by tacit acquiescence to authorize such a use of a street, except subject to the condition stated in the statute. Conceding that a municipality's permission of or acquiescence in the way a pole or wire is placed in a street has some tendency to prove the propriety of what is done, and to rebut an inference that an improper obstruction of or interference with the common use then made of the street was thereby caused, yet from such evidence it is not, without other evidence tending to prove that such was the fact, to be inferred that such permission or acquiescence continued in effect after, as a result of the lapse of time, the development of the locality and a changed or increased public use of the street, the presence of the wire or pole as it had been placed may have come to be more of a peril to travelers.

We are of opinion that, assuming the evidence sought to be brought out by the question above set out was not subject to objection on any other ground, the action of the court in excluding it must be sustained, because it was not accompanied, or proposed to be accompanied, by other evidence tending to prove that the surrounding conditions and the manner and extent of the public use of the street in that locality at the period to which the testimony of the witness referred were substantially as they were at or about the time the plaintiff was hurt.

[2] Similar considerations lead to the conclusion that there was no reversible error in other rulings on evidence to which exceptions were reserved. Nor was there any reversible error in other rulings of which complaint is made. They are not such as to call for further mention, except that it may be said of the defendant's refused charge 4 that it assumed the existence of evidence which the bill of exceptions does not show was adduced, in that it assumed that there was evidence as to the consent, permission, or authority given by the city of Pensacola and its officials to the location, as well as the subsequent maintenance of the pole and guy wire as and where they were at the time of the happening of the casualty in question. The only evidence set out in the bill of exceptions which tended to prove that any one vested with power or au-

thority to act for the municipality in the matter undertook to permit or authorize the location of any pole or wire is that found in a city ordinance which authorized the defendant "to construct its lines through the streets of the municipality under such restrictions as the public good may require." It was enough to justify the court's refusal to give the charge that it was inaccurate, or, to say the least, misleading, in its statement of the import of the evidence with reference to which an instruction to the jury was sought.

The judgment is affirmed.